United States District Court
Southern District of Texas
**ENTERED**
February 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

KEITH DEWAYNE DORSEY § 
§
    Plaintiff §
VS. § CIVIL ACTION NO. 2:25-CV-00304
§
UNITED STATES OF AMERICA §

**MEMORANDUM AND RECOMMENDATION TO DISMISS
CASE FOR FAILURE TO PROSECUTE**

Petitioner filed this Petition for Writ of Habeas Corpus on October 30, 2025. (D.E. 1). An Order for Transfer was entered on November 10, 2025 from the Northern District of Texas. (D.E. 5). On November 17, 2025, the U.S. District Clerk notified Petitioner his pleading was deficient for failure to pay the filing fee or, alternatively, for failing to file an application for leave to proceed *in forma pauperis*. (D.E. 9). Petitioner was directed to either pay the filing fee or submit the required *in forma pauperis* documents no later than December 17, 2025, and was warned that failure to comply may result in dismissal for want of prosecution. (D.E. 9); Fed. R. Civ. P. 41(b). A prisoner who is seeking to proceed *in forma pauperis* must file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." along with an application to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(2) (emphasis added). Petitioner failed to comply. Therefore, on December 22, 2025, the undersigned ordered Petitioner to either remit the required filing

1 / 4

fee or to submit to the Court an application for leave to proceed *in forma pauperis* and a certified copy of his inmate trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint on or before January 15, 2026. (D.E. 11). Petitioner was again warned that failure to comply may result in dismissal of this case for want of prosecution. *McCullough v. Lynaugh,* 835 F.2d 1126 (5th Cir. 1988); Fed. R. Civ. P. 41(b).

On January 8, 2026, Petitioner filed a "Motion to Clarify/Verify," docketed as a response to the undersigned's deficiency order. (D.E. 13). Petitioner stated he requested the withdrawal of the filing fee from his inmate account to be submitted to the Northern District of Texas, enclosing a copy of his request dated November 13, 2025 which does not contain a case number. However, on January 13, 2026, Petitioner was advised no Court has received his filing fee for this case. Therefore, the undersigned granted Petitioner one, final extension of time to comply, again ordering Petitioner to either remit the required filing fee or to submit to the Court an application for leave to proceed *in forma pauperis* **and** a certified copy of his inmate trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint on or before February 3, 2026. Petitioner was again warned that failure to comply may result in dismissal of this case for want of prosecution. *McCullough v. Lynaugh,* 835 F.2d 1126 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Petitioner was further advised it was unlikely further extensions would be granted. To date, Petitioner has failed to comply.

Accordingly, it is respectfully recommended that Petitioner's case be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

ORDERED on February 9, 2026.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).